UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT E. LEE,<br><br>    Defendant. | NO. 2:15-cr-00035-JLQ<br><br>ORDER REJECTING PLEA AGREEMENT |

    On October 2, 2015, the court held a hearing on Defendant Robert Lee's plea of guilty to Theft of Government Money Over $1,000.00, in violation of 18 U.S.C. § 641. Assistant Federal Defender Jay McEntire represented Lee, who was present and not in custody. Assistant U.S. Attorney Caitlin Baunsgard appeared for the Government. This Order memorializes and supplements the court's oral rulings.

    Lee pled guilty on July 17, 2015, pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement. The court accepted his plea of guilty but reserved ruling on the acceptance or rejection of the Plea Agreement until after review of the Presentence Report. *See* Fed.R.Crim.P. 11(c)(3)(A). The Plea Agreement provided for no incarceration and five years of probation. The Plea Agreement also called for $135,501.50 in restitution to the Social Security Administration and $304,155.00 in restitution to the Veteran's Administration, although no specific restitution was provided.

    The relevant conduct for this offense started in 1988 when Lee began collecting and cashing checks from the Social Security Administration and Veteran's Administration

ORDER - 1

payable to his deceased mother. Lee continued receiving and cashing these checks up until 2015. Over the course of approximately 27 years, Lee wrongfully obtained $439,656.50.

It is within the court's discretion to accept or reject a Plea Agreement. *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). "[A] district court properly exercises its discretion when it rejects a plea agreement calling for a sentence the court believes 'is too lenient or otherwise not in the public interest' in light of the factual circumstances specific to the case." *Id*. at 712 (quoting in part *Ellis v. United States District Court*, 356 F.3d 1198, 1209 (9th Cir. 2004) (en banc)). If the court chooses to reject the Plea Agreement, it must do so in whole, rejecting the entire Plea Agreement rather than in a "piecemeal" manner. *Id.* at 708-09.

The court considered the unique and specific factual circumstances of this case and rejected the Plea Agreement *en toto*. The court has no categorical policy for or against Fed.R.Crim.P. 11(c)(1)(C) Plea Agreements and has not rejected such an Agreement for at least a year while accepting the many proffered 11(c)(1)(C) Agreements in cases assigned to this court. In this case, the court found the Plea Agreement, calling for a term of no incarceration and five years of probation, to be too lenient in light of the theft of almost $500,000 in government funds over a long period of time and a Guideline Range of imprisonment of 33 to 41 months. Pursuant to Fed.R.Crim.P. 11(c)(5), the court informed the parties of its rejection of the Plea Agreement. The court offered Lee the opportunity to withdraw his plea of guilty, and advised him that if his plea is not withdrawn, the court may dispose of this case less favorably toward Lee than the Plea Agreement contemplated.

Mr. McEntire requested time in order to negotiate and fashion a revised plea agreement before electing whether to proceed with the plea of guilty or withdraw the plea. The court specifically advise the parties and counsel that it would not engage in such negotiations in any manner. The court finds the continuance request to be reasonable and sets the matter for further hearing on October 13, 2015, at 10:00 a.m.

ORDER - 2

**IT IS HEREBY ORDERED:**

1. The Plea Agreement dated July 17, 2015 is rejected *en toto*.

2. Further hearing on this matter is set for **Tuesday, October 13, 2015, at 10:00 a.m.**

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 5th day of October, 2015.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3